1  MORGAN, LEWIS & BOCKIUS LLP
   DONALD P. SULLIVAN, State Bar No. 191080
2  ANDREW C. SULLIVAN, State Bar No. 226902
   One Market, Spear Street Tower
3  San Francisco, CA 94105-1126
   Tel: 415.442.1000
4  Fax: 415.442.1001

5  Attorneys for Defendants
   LIFE INSURANCE COMPANY OF NORTH
6  AMERICA and CIGNA GROUP INSURANCE
   COMPANY

7

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10 | OSCAR MONROY,                          | Case No. C 07-3992 JSW
11 |           Plaintiff,                   | **ANSWER OF DEFENDANTS LIFE INSURANCE COMPANY OF NORTH AMERICA AND CIGNA GROUP INSURANCE COMPANY TO PLAINTIFF'S COMPLAINT**
12 |           vs.                          |
13 | LIFE INSURANCE COMPANY OF              |
   | AMERICA, CIGNA GROUP                   |
14 | INSURANCE COMPANY, CNA                 |
   | INSURANCE COMPANY, DOE ONE,            |
15 | DOE TWO, DOE THREE, DOE FOUR,          |
   | DOE FIVE, DOE SIX, DOE SEVEN, DOE      |
16 | EIGHT, DOE NINE, and DOE TEN,          |
17 |           Defendants.                  |

18

19      DEFENDANTS LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA") and

20 CIGNA GROUP INSURANCE COMPANY ("CIGNA") (collectively, "Defendants") answer the

21 Complaint ("Complaint") of plaintiff Oscar Monroy ("Plaintiff") as follows:

22      1.   Defendant is without sufficient information to either admit or deny the allegations

23 contained in the first sentence of Paragraph 1 of the Complaint, and on that ground denies each

24 and every such allegation. Responding to the allegations contained in the second sentence of

25 Paragraph 1 of the Complaint, Defendants do not dispute that this Court has jurisdiction over this

26 action.

27      2.   Defendants are without sufficient information to either admit or deny the

28 allegations contained in Paragraph 2 of the Complaint, and on that ground deny each and every

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER
(C 07-3992 JSW)

such allegation, except admit that Plaintiff attached as Exhibit A to his Complaint a document titled "Standard Form of Waiver of Liability by Jockey or Apprentice Jockey." Defendants are, however, without sufficient information to admit or deny the authenticity of Exhibit A, and on that ground deny that it is an authentic copy of the document it purports to be.

3. Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 3 of the Complaint, and on that ground deny each and every such allegation.

4. Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 4 of the Complaint, and on that ground deny each and every such allegation.

5. The statements contained in Paragraph 5 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 5 of the Complaint, and on that ground deny each and every such allegation.

6. Defendants deny each and every allegation contained in Paragraph 6 of the Complaint regarding CIGNA. Defendants admit that LINA is authorized to and does transact the business of insurance in the State of California. Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 6 of the Complaint regarding CNA Insurance Company and Does One through Ten, and on that ground deny each and every such allegation.

7. Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 7 of the Complaint, and on that ground deny each and every such allegation.

8. The statements contained in Paragraph 8 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every such allegation.

1  9. Defendants deny each and every allegation contained in Paragraph 9 of the Complaint, except admit that LINA issued Accident Insurance Policy Number SPS925735 to the Thoroughbred Racing Associations of North America, Inc, other Race Tracks, and the Jockeys' Guild, Inc.

10. Defendants deny each and every allegation contained in Paragraph 10 of the Complaint.

11. Defendants deny each and every allegation contained in Paragraph 11 of the Complaint.

12. Defendants deny each and every allegation contained in Paragraph 12 of the Complaint.

13. Defendants deny each and every allegation contained in Paragraph 13 of the Complaint.

14. Defendants deny each and every allegation contained in Paragraph 14 of the Complaint.

15. In responding to Paragraph 15 of the Complaint, Defendants incorporate by reference its responses to Paragraphs 1 through 14 above.

16. Defendants deny each and every allegation contained in Paragraph 16 of the Complaint.

17. Defendants deny each and every allegation contained in Paragraph 17 of the Complaint.

18. Defendants deny each and every allegation contained in Paragraph 18 of the Complaint.

19. Defendants deny each and every allegation contained in Paragraph 19 of the Complaint.

20. In responding to Paragraph 20 of the Complaint, Defendants incorporate by reference its responses to Paragraphs 1 through 19 above.

21. In responding to Paragraph 21 of the Complaint, Defendants incorporate by reference its responses to Paragraphs 1 through 20 above.

22. Defendants deny each and every allegation contained in Paragraph 22 of the Complaint.

23. The statements in Paragraph 23 of the Complaint do not constitute factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every allegation contained in Paragraph 23 of the Complaint.

24. The statements contained in Paragraph 24 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every such allegation.

25. In responding to Paragraph 25 of the Complaint, Defendants incorporate by reference its responses to Paragraphs 1 through 24 above.

26. In responding to Paragraph 26 of the Complaint, Defendants incorporate by reference its responses to Paragraphs 1 through 25 above.

27. In responding to Paragraph 27 of the Complaint, Defendants incorporate by reference its responses to Paragraphs 1 through 26 above.

28. Defendants deny each and every allegation contained in Paragraph 28 of the Complaint.

29. Defendants deny each and every allegation contained in Paragraph 29 of the Complaint.

30. Defendants deny each and every allegation contained in Paragraph 30 of the Complaint.

31. Defendants deny each and every allegation contained in Paragraph 31 of the Complaint.

32. Defendants deny each and every allegation contained in Paragraph 32 of the Complaint.

33. Defendants deny each and every allegation contained in Paragraph 33 of the Complaint.

1  34. Defendants deny each and every allegation contained in Paragraph 34 of the
2  Complaint.
3  35. Defendants deny each and every allegation contained in Paragraph 35 of the
4  Complaint.

The statements set forth in Plaintiff's Prayer for Relief constitute claims for relief and legal contentions, rather than factual allegations, thereby requiring no answer. To the extent that any such statements are construed to contain allegations of fact, Defendants deny each and every such allegation.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a claim or claims upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action contained therein, is barred by the doctrine of estoppel.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action contained therein, is barred by the doctrine of waiver because of Plaintiff's own conduct, acts, and omissions.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action contained therein, is barred by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff has failed to mitigate, minimize, or avoid any damages he allegedly

1  suffered, recovery against Defendant, if any, must be reduced by that amount.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to relief from Defendants because he has not sustained an injury, damage, or loss by reason of any conduct, act, error, or omission on the part of Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, the fact of which Defendants deny, were proximately caused by intervening, superseding, and/or supervening acts for which Defendants have no liability.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants' conduct was at all times reasonable and in good faith, and hence not tortious.

### NINTH AFFIRMATIVE DEFENSE

Defendants' obligations, if any, to Plaintiff are governed and limited by the terms, definitions, exclusions, conditions, and limitations contained in the Accident Insurance Policy Number SPS925735 that LINA issued to the Thoroughbred Racing Association of North America, Inc., other Race Tracks, and the Jockeys' Guild, Inc. ("the Policy").

### TENTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action contained therein, is barred in that it seeks payment, reimbursement, contribution, or indemnification for, or is based on, losses that are not covered or that are excluded from coverage under the terms, definitions, exclusions, conditions, and limitations contained in the Policy.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy the terms and/or conditions of the Policy, including, but not limited to, failing to provide timely written proof of loss and failing to cooperate during the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

ANSWER
(C 07-3992 JSW)

claims review process.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants have fully performed all obligations, both express and implied, owed to Plaintiff under the Policy and applicable law.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to judgment because his damages are speculative.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are entitled to off set from any judgment of damages the Court may award to Plaintiff the damages Defendants incurred through Plaintiff's breach of the implied covenant of good faith and fair dealing and bad faith conduct.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to entitle Plaintiff to punitive damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

Any claim by Plaintiff for punitive and exemplary damages is barred because the California punitive damages statute is unconstitutional in that, among other things, it is void for vagueness, violative of the equal protection clause, violative of the due process clause, an undue burden on interstate commerce, a violation of the contract clause, and violative of the Eighth Amendment proscription against excessive fines pursuant to the United States and California Constitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

CIGNA Group Insurance Company is not a proper defendant because it is not, and never

has been, licensed to issue insurance policies in California or any other jurisdiction.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Because Plaintiff's Complaint is vague, ambiguous, uncertain, mispled, and couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Defendants reserve the right to assert additional defenses if and to the extent that such defenses are applicable.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by the Complaint and judgment be entered for Defendants;

2. That Defendants be awarded all costs of suit incurred herein;

3. That Defendants be awarded all reasonable attorneys' fees; and

4. That Defendants be granted such other and further relief as the Court deems just and proper.

Dated: September 25, 2007            MORGAN, LEWIS & BOCKIUS LLP

By: /S/Donald P. Sullivan
    Donald P. Sullivan
    Attorneys for Defendants
    LIFE INSURANCE COMPANY OF
    NORTH AMERICA and CIGNA GROUP
    INSURANCE COMPANY

1-SF/7606872.1