1  JOHN F. DeMEO, ESQ. - SBN 28891
2  JOSHUA M. WEST, ESQ. - SBN 118463
   DeMEO DeMEO & WEST
3  565 WEST COLLEGE AVENUE
   SANTA ROSA, CA  95401
4  demeo7@sonic.net and
   jwest37333@sbcglobal.net
5  TELEPHONE:  (707) 545-3232
   FACSIMILE:  (707) 545-1725
6
7  Attorneys for Plaintiff,
   OSCAR MONROY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR MONROY,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>LIFE INSURANCE COMPANY OF AMERICA, CIGNA GROUP INSURANCE COMPANY, CNA INSURANCE COMPANY, DOE ONE, DOE TWO, DOE THREE, DOE FOUR, DOE FIVE, DOE SIX, DOE SEVEN, DOE EIGHT, DOE NINE, and DOE TEN,<br><br>　　　　　Defendants. | Case No. C 07-3992 JSW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT and PROPOSED ORDER**<br><br>**Judge: Honorable Jeffrey S. White** |

　　　　The parties jointly submit this Case Management Conference Statement and Proposed Order and request that the Court adopt it as the Case Management Order in this case.

**I.    DESCRIPTION OF THE CASE**

　　　　A.　　Brief Description of the Events Underlying the Action:

　　Plaintiff, OSCAR MONROY, a professional jockey, alleges that he suffered serious personal injuries on October 18, 2003, during a sanctioned horse racing event at the Los Alamitos Race Course in Los Alamitos, California.  At the time of said incident OSCAR MONROY, a licensed professional jockey, had signed the Standard Form of Waiver of Liability by Jockey or Apprentice Jockey (hereafter referred to as "Waiver Agreement").  The Waiver Agreement is part

of a negotiated agreement between the Jockey's Guild, Inc. (on behalf of the licensed jockeys in the horse racing industry) and the Thoroughbred Racing Association of North America, Inc., on behalf of the owners, trainers and race track facilities involved in the horse racing industry, wherein the nation's individual licensed jockeys who have signed the Waiver Agreement give up all rights to sue the owners, trainers and racetrack facilities in the event of serious personal injury in exchange for the purchase and provision of a catastrophic injury insurance policy providing lump sum benefits to an injured jockey meeting certain criteria set forth in the waiver and the catastrophic injury policy. Plaintiff OSCAR MONROY alleges that he suffered serious and permanent injuries resulting in permanent total disability as defined by the Waiver Agreement and the catastrophic injury accident policy purchased on behalf of the racetrack pursuant to the Waiver Agreement. Plaintiff filed this action for damages purportedly arising from Defendants' alleged breach of contract, tortious breach of contract, and for declaratory relief.

Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA") disputes the nature and extent of Plaintiff's injuries and denies that Plaintiff qualifies for benefits under the Accident Insurance Policy Number SPS925735, which LINA issued to the Thoroughbred Racing Associations of North America, Inc., other Race Tracks, and the Jockeys' Guild, Inc. (the "Policy"). LINA asserts and alleges that Plaintiff failed to file a timely claim, failed to cooperate with the Policy's claims process, and does not meet the definition of Permanent Total Disability under the Policy. Consequently, LINA and CIGNA assert that Plaintiff is not entitled under the terms of the Policy to the benefits he is seeking through his complaint. LINA denies all liability in this action.

**II.   THE PRINCIPAL FACTUAL ISSUES WHICH THE PARTIES DISPUTE**

At present, LINA disputes the allegations of Plaintiff's complaint. The primary factual issues which the parties dispute relate to the nature and extent of Plaintiff's injuries, and whether Plaintiff qualifies for benefits under the Policy. The parties also dispute whether Plaintiff and LINA complied with the administrative claims process.

**III.   THE PRINCIPAL LEGAL ISSUES WHICH THE PARTIES DISPUTE**

The parties dispute the following issues: (1) the law to be applied to LINA's

determination of whether Plaintiff qualifies for Permanent Total Disability under the Policy; (2) whether Plaintiff filed a timely claim for benefits and/or the Complaint; (3) whether Plaintiff qualifies for Permanent Total Disability benefits under the Policy; (4) whether the Defendants have breached the Policy; (5) whether a tortious breach of the insurance contract has occurred; (6) whether extra-contractual damages are permissible based on Defendants' conduct; and (7) the nature and imposition of the declaration of rights under the policy.

### IV. THE OTHER FACTUAL ISSUES [E.G., SERVICE OF PROCESS, PERSONAL JURISDICTION, SUBJECT MATTER, JURISDICTION OR VENUE] WHICH REMAIN UNRESOLVED FOR THE REASONS STATED BELOW AND HOW THE PARTIES PROPOSE TO RESOLVE THOSE ISSUES

CIGNA GROUP INSURANCE ("CIGNA") has been named as a defendant in Plaintiff's complaint. Counsel for CIGNA have advised Plaintiff's counsel that CIGNA is not a proper defendant. Plaintiff's counsel has indicated that he will voluntarily dismiss CIGNA after its counsel produces sufficient evidence that it is not a proper defendant to this litigation.

### V. THE PARTIES WHICH HAVE NOT BEEN SERVED AND THE REASONS

CNA Insurance Company ("CNA") has been named as a defendant to this litigation, but has not been served at this time. Counsel for LINA and CIGNA have advised Plaintiff's counsel that it does not represent CNA and that CNA is not affiliated with LINA or CIGNA.

### VI. AMENDMENT OF PLEADINGS PLUS THE ADDITIONAL PARTIES WHICH THE BELOW-SPECIFIED PARTIES INTEND TO JOIN AND THE INTENDED TIME FRAME FOR SUCH JOINDER

None that the parties are aware of presently.

### VII. MOTIONS

LINA anticipates filing a motion for summary judgment. If Plaintiff does not voluntarily dismiss it from the complaint, CIGNA may also file a motion for summary adjudication seeking dismissal from the case. The parties reserve the right to file discovery-related motions if necessary, though do not presently anticipate having to file any such motions.

### VIII. EVIDENCE PRESERVATION

The parties agree that all information of whatever media shall be retained and preserved pending resolution of this claim.

# ALTERNATIVE DISPUTE RESOLUTION

## IX. ASSIGNMENT OF THIS CASE TO A UNITED STATES MAGISTRATE FOR TRIAL

The parties do not consent to the assignment of this case to a Magistrate for all purposes, including trial.

## X. ADR ASSIGNMENT

On October 19, 2007, the parties filed a notice of need for ADR phone conference. At this time the telephone conference has not been scheduled. The parties are considering the possibility of early mediation.

## XI. THE ADR PROCESS TO WHICH THE PARTIES REQUEST REFERRAL

As set forth in Section X above, the parties are contemplating mediation.

# DISCLOSURES

## XII. THE PARTIES HAVE MADE THE FOLLOWING DISCLOSURES

Plaintiff produced his Rule 26 disclosures on November 2, 2007. The parties have agreed that LINA will produce its Rule 26 disclosures on November 12, 2007. It is anticipated that both sides will provide numerous documents and will identify potential witnesses. Plaintiff will set forth an itemized list of damages incurred to date including a computation of all categories of alleged damages sought.

# DISCOVERY

## XIII. THE PARTIES PROPOSE THE FOLLOWING DISCOVERY PLAN

The parties anticipate written discovery requests and perhaps up to 10-15 non-expert discovery depositions dependent on the extent of each party's disclosures.

    A.    <u>Non-Expert Discovery Cut-off</u>:    April 30, 2008

    B.    <u>Designation of Experts</u>:    The parties agree to a mutual expert disclosure date of June 1, 2008. Rebuttal experts must be disclosed by July 1, 2008.

    C.    <u>Expert Discovery Cut-off</u>:    August 15, 2008

    D.    <u>Dispositive Motions to Be Filed by</u>:    August 30, 2008

**TRIAL SCHEDULE**

**XIV. THE PARTIES REQUEST A TRIAL DATE AS FOLLOWS**

The week of November 3, 2008, or November 10, 2008.

**XV. THE PARTIES EXPECT THAT THE TRIAL WILL LAST FOR THE FOLLOWING NUMBER OF DAYS**

Plaintiff anticipates a five (5) or six (6) day jury trial.  Defendants anticipate this matter may be resolved with a two day trial.

**XVI. CLASS ACTIONS/RELATED CASES**

This is not a class-action case nor are the parties aware of any related cases.

**XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Neither party has disclosed any such interested entities or persons.

**SIGNATURE AND CERTIFICATION**

Pursuant to Civil L.R. 16-6, each of the undersigned certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the Court and private entities and has considered whether this case might benefit from any of the available dispute resolution options.

Dated: November 2, 2007           DeMEO DeMEO & WEST

                                  By:   /s/ Joshua M. West
                                        Joshua M. West
                                        Attorneys for Plaintiff OSCAR MONROY

Dated:  November 2, 2007          MORGAN, LEWIS & BOCKIUS LLP

                                  By:   /s/ Donald P. Sullivan
                                        Donald P. Sullivan
                                        Andrew C. Sullivan
                                        Attorneys for Defendants
                                        LIFE INSURANCE COMPANY OF
                                        NORTH AMERICA and CIGNA GROUP
                                        INSURANCE COMPANY

| | |
|---|---|
| 1 | **[PROPOSED] CASE MANAGEMENT ORDER** |

The Case Management Statement is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders:

Dated:_____     _____
                                  Hon. Jeffrey S. White
                                  United States District Court Judge

1-SF/7625669.2